# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                            Docket No. 84-7-15 Vtec

| Costco Stormwater Permit Amendment |
|---|

## ENTRY REGARDING MOTION

Count 1, ANR Storm Water Permit (84-7-15 Vtec)

Title:          Motion for Summary Judgment (Motion 1)
Filer:          Agency of Natural Resources
Attorney:    Leslie A. Welts
Filed Date:   March 2, 2016

Response filed on 03/25/2016 by Attorney Jon T. Anderson for Appellant R.L. Vallee, Inc.
        Opposition
Response filed on 04/22/2016 by Attorney Leslie A. Welts for Interested Person Agency of
Natural Resources
        Reply
Response filed on 04/25/2016 by Attorney Mark G. Hall for Appellee Costco Wholesale Corp.
        Reply

**The motion is DENIED.**


        This appeal was taken from the issuance of stormwater permit amendment by the
Agency of Natural Resources (ANR) to Applicant Costco Wholesale Corporation (Costco) under
Section 18-308(j) of the Vermont Stormwater Management Rules.  ANR originally granted
Costco a stormwater permit in 2012, which was then appealed to this Court in Docket No. 75-6-
12 Vtec.  While that litigation was pending, Costco submitted a stormwater permit amendment
application to ANR in the spring of 2015.  ANR granted the permit amendment without re-
noticing the permit and without providing a public comment period pursuant to Section 18-
308(j) of the Vermont Stormwater Management Rules.  Appellant R.L. Vallee, Inc. (Vallee)
appealed ANR's issuance of the permit amendment here, filing a three question Statement of
Questions.  Now before the Court is ANR's motion for summary judgment on Vallee's Question
1. Costco agrees with ANR's position, and has filed a memorandum of law in support of ANR's
motion for summary judgment.

**Factual Background**

For the purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1.      Sometime in 2012, Costco was issued a stormwater permit from ANR.  That permit was appealed to this Court in Docket No. 75-6-12 Vtec.

2.      On April 23, 2015 and June 2, 2015, ANR received Costco's request to amend its stormwater permit due to a change in the outlet structure of a stormwater detention pond.

3.      The amendment reflects a relocation of the stormwater discharge point to several hundred feet downstream.  A pump will also be installed in the stormwater pond.

4.      As a result of the alterations, the stormwater will flow through an existing channel and wetland prior to discharging into Sunnyside Brook, instead of discharging through an outlet pipe directly into the stream.

5.      ANR reviewed the request and determined that the permit amendment could be granted without re-noticing and without a period for public comment pursuant to Vermont Stormwater Management Rule § 18-308(j).  ANR then issued the amended permit.

6.      In July of 2015, Vallee appealed the issuance of the amended stormwater permit to this Court.

**Discussion**

The Court will grant summary judgment to a moving party only if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Vallee's Question 1 asks, "Does the Agency of Natural Resources have jurisdiction to amend Costco's Individual Stormwater Permits [sic] while it is on appeal in Docket No. 75-6-12 Vtec now pending before this Court?" Vallee's Statement of Questions (SOQ) at 1, filed July 27, 2015.  ANR argues that it is entitled to judgment as a matter of law on Question 1 because, pursuant to Vermont Stormwater Management Rule (VSMR) § 18-308(j), ANR has jurisdiction to grant a permit amendment, even while the original permit is the subject of an appeal, where there has been a change in circumstances and where the impacts of the proposed change are minor. VSMR § 18-308(j), Code of Vt. Rules 16-3-505:18-308(j).[1]  ANR also claims that Vallee has admitted as much by stating that, "ANR has the authority to amend a permit, be it currently on

---

[1]  This Court issued its merits decision addressing the appeal from the first stormwater permit on August 8, 2015.  See In re Costco, Nos. 75-6-12 Vtec, 104-8-12 Vtec, 41-4-13 Vtec, 132-10-13 Vtec, and 59-5-14 Vtec (Merits Decision) (08-26-2015)(Durkin, J.).  Those determinations were then appealed to the Vermont Supreme Court, where they remain pending.

appeal of otherwise, if the amendment meets the criteria provided in Vermont stormwater Management Rule § 18-308(j)." Vallee Opp'n to ANR Mot. for Summ. J. at 2, filed Mar. 25, 2016. Therefore, ANR argues, there is no factual dispute regarding Question 1 because Vallee has conceded that ANR has jurisdiction and any dispute about whether the amended stormwater system meets the applicable regulations is properly raised in Vallee's Question 2, which asks, "Does the proposed amended treatment system comply with applicable stormwater rules?" Vallee's SOQ at 1. ANR's narrow reading of Question 1 and emphasis on semantics rather than substance is unpersuasive.

For ANR to lawfully grant a permit amendment without notice and comment after an authorization to discharge has already been granted, ANR must determine that:

(1) the proposed project changes do not reduce the quality of the stormwater discharge;

(2) the proposed project changes do not substantially increase the quantity of the stormwater discharge or change the stormwater discharge location so as to adversely affect the instream hydrology or geomorphology; and

(3) there is not a significant change in the type or nature of proposed treatment.

VSMR § 18-308(j). While the use of the term "jurisdiction" in Vallee's Question 1 may be somewhat misleading, we do not read Question 1 to only raise the broad subject matter jurisdictional question of whether the stormwater rules permit ANR to grant minor permit amendments to a permit that is currently on appeal. Rather, we read Vallee's Question 1 as challenging whether it was proper for ANR to grant the permit amendment in this case, without notice or hearing. In other words, Question 1 asks whether the three factual criteria of Section 18-308(j) were satisfied. In order to determine whether such an amendment was proper under Section 18-308(j), we must conduct a highly fact intensive analysis. We cannot dispose of this legal issue when considering ANR's summary judgment motion, since Vallee has presented a sufficient foundation for disputing the underlying facts.

Further, we do not read Vallee's Questions 1 and 2 to be coterminous. Question 1 is specifically challenging the facts underlying ANR's decision to grant a permit amendment without notice and comment, while Question 2 asks whether the stormwater system, as amended, complies with applicable stormwater rules. There may be some overlap in the analysis needed to answer these two questions, but that procedural fact alone does not support ANR's motion.

Therefore, because we find that necessary factual issues remain in dispute surrounding Question 1, summary judgment is inappropriate at this stage. We therefore **DENY** ANR's motion for summary judgment.

**So ordered.**

Electronically signed on May 09, 2016 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Jon T. Anderson (ERN 1856), Attorney for Appellant R.L. Vallee, Inc.
Mark G. Hall (ERN 2537), Attorney for Appellee Costco Wholesale Corp.
Leslie A. Welts (ERN N/A), Attorney for Interested Person Agency of Natural Resources
John S. Zaikowski (ERN 4276), Attorney for party 5 Co-counsel
Alexander J. LaRosa (ERN 5814), Attorney for party 2 Co-counsel
David L. Grayck (ERN 4510), Attorney for Interested Person Timberlake Associates, LLP